### PATRICK S. PROCTOR & others *vs.* EBENEZER W. STONE & another.

A demurrer to an answer which assigns, as the only cause of demurrer, that the answer does not state a legal defence to the declaration, is a waiver of all formal defects.

The commander-in-chief, with the advice of his council, may disband a company of militia whenever in his judgment there is sufficient cause.

The officers of a military company which has been legally disbanded cannot maintain an action of tort, in the nature of trespass or trover, against the adjutant general of the Commonwealth, who, acting in behalf of the Commonwealth, and under the orders of the commander-in-chief, and with the assent of the town authorities, has forcibly entered an armory which was provided for the company by the Commonwealth through the agency of the town, and removed the arms and military equipments which were distributed to the company by the Commonwealth.

TORT. The plaintiffs described themselves as all the officers in commission in company A of the fifth regiment of third brigade of second division of Massachusetts militia. The original declaration averred that the defendants broke into and entered by force the premises of the plaintiffs, describing them, used

and occupied by the plaintiffs for their armory, and for other purposes, and took and carried away seventy three muskets, seventy three bayonets, and various other military equipments, the property of the plaintiffs.

A count subsequently added averred simply the forcible taking and carrying away and conversion of the articles before named.

The defendants answered separately. Stone in his answer denied, upon his personal knowledge, each and every fact and allegation in the declaration, and, for further answer, said that he was at the time of the alleged trespass the adjutant general of the Commonwealth; that company A, referred to in the declaration, had been previously disbanded by order of the commander-in-chief according to law; that the plaintiff Proctor, who had been theretofore in commission as captain commanding said company, had been duly ordered according to law to return to the adjutant general all the muskets and other equipments furnished to said company by the Commonwealth, but that said Proctor refused so to do; that thereupon the commander-in-chief ordered him, the said Stone, to take possession of said property, and to have the same removed to the state arsenal in Cambridge; that, agreeably to said order, he, in his official capacity, did cause seventy muskets, and various other military equipments, (which, in the enumeration, were somewhat less than the number averred in the declaration,) embraced in said order, to be removed from the room occupied by said company as an armory, and to be disposed of according to the said order. He further answered that the room used by the plaintiffs as an armory was furnished by the Commonwealth through the agency of the mayor and aldermen of Lowell, as a place of deposit for the arms and equipments furnished to said company by the adjutant general according to law; that the rent and expenses thereof were and had been paid by the Commonwealth; that said Stone notified the mayor and aldermen of Lowell of said order, and of his purpose to execute the same by entering said room; and that they assented to and concurred in all his acts.

Ambrose Lawrence, the other defendant, in his answer to the original count denied that the property mentioned was the property of the plaintiffs, and denied the conversion. In his answer to the additional count, he denied that he took or converted to his own use any of the articles therein named.

The plaintiffs demurred to the answers, assigning as cause that they did not state a legal defence to plaintiffs' declaration. The demurrer was overruled, and the plaintiffs appealed.

*B. F. Butler,* for the plaintiffs. Different inconsistent defences cannot be stated in an answer. Gen. Sts. *c.* 129, § 16. General denials are in contravention of Gen. Sts. *c.* 129, § 27. The answers are substantially defective, in treating the declaration as if it were merely trespass *de bonis;* in not alleging that the *locus* entered, or the goods taken, or the acts sought to be justified were the same *locus,* goods, and acts declared on; and in not alleging any notice and demand.

The commander-in-chief has no right in time of peace, when no act of insubordination or insurrection has been committed, to disarm the volunteer militia of arms distributed to them by the Commonwealth and furnished to the Commonwealth by the United States. These arms are furnished instead of the arms which each citizen was formerly required to provide for himself; and the right of the plaintiffs and of the members of their company, as members of the militia of the United States, to keep and bear them after they have been thus furnished, cannot be infringed. Const. of U. S. *art.* 1, § 8. Amend. Const. *art.* 2. *St.* of U. S. of 1792, *c.* 33, § 1. *St.* of U. S. of 1808, *c.* 55. Even under the laws of Massachusetts a company of volunteer militia can only be disbanded for specified causes. Gen. Sts. *c.* 13, §§ 24, 25.

*I. S. Morse,* for the defendants.

HOAR, J. The declaration seems to us to be a sufficient declaration, in substance, for a tort in breaking and entering the plaintiff's close, although the word close is not used, no objection to its correctness in point of form being made by the defendants.

Treating it as such, the answer of the defendant Stone contains a denial of every fact alleged in the declaration, and asserts an authority under the Commonwealth for certain acts done by the defendant, which seem to have some resemblance to the acts complained of by the plaintiffs. Undoubtedly this answer is open to criticism in several particulars; and if the plaintiffs had pointed them out and relied upon them in their pleading, as they have in their argument, they might have availed them. But the statute required the plaintiffs specially to point out in their demurrer the particulars in which the alleged defect consisted. The only cause assigned by them for the demurrer is that the answer does not state a legal defence to the plaintiffs' declaration. They do not even say, as the statute allows them to do, that it does not contain a legal defence " substantially in accordance with the rules in the statute contained." By a demurrer in such terms we think no matter of form is open to them, and that an objection to defences as improperly joined, or to any informal statement of defences in the answer, is not the species of objection which the demurrer presents. If the answer contains anything which is a defence to the action, all other objections to it are waived.

The denial of the plaintiffs' allegations is unquestionably in its nature, and relieved from all objections of form, a sufficient answer. The defendant Stone is therefore entitled to judgment upon the demurrer. For a like reason the defendant Lawrence is entitled to judgment in his favor upon the demurrer to his answer to the amended count. But the answer of Lawrence to the first count contains no defence to the allegation of breaking and entering, and is in that respect insufficient. The demurrer to that extent is therefore sustained.

As the parties have presented the merits of the defence set up in the answer of the defendant Stone, aside from its general denials, for the consideration of the court, it may not be superfluous to add, that, upon the facts stated in the answer, it appears to us that the armory was not the close of the plaintiffs; that the defendant, acting on behalf of the Commonwealth and with the assent of the city of Lowell, was fully justified in en-

Proctor & others *v.* Stone & another.

tering upon it, and that on this ground the defence must prevail.

> *Judgment for the defendant Stone upon demurrer, and for the defendant Lawrence on the amended count. Demurrer sustained as to the answer of the defendant Lawrence to the original count.**

---

* In 1837 the justices of the supreme judicial court, at the request of the governor, gave an opinion as to the right of the commander-in-chief to disband companies of the militia. The opinion is as follows:

" To his Excellency Edward Everett, Governor of the Commonwealth of Massachusetts.

" The undersigned, justices of the supreme judicial court, in answer to the question proposed to them by his excellency the governor, with the advice of the council, in his communication dated the 4th of the present month, whether it is competent for the commander-in-chief, with the advice and consent of the council, to order the companies therein mentioned, or any one of them, for the causes therein expressed, to be disbanded, ask leave to submit the following opinion:

" The undersigned are of opinion that it is competent for the commander-in-chief with the advice and consent of the council to disband any of the military companies in question, whenever in his judgment there is sufficient cause for the exercise of that power. As this is a power vested in the commander-in-chief, by the constitution and laws of the Commonwealth, for general purposes, which is not to be regarded as special in its operation or character, nor limited in its exercise to the purposes of punishment for misconduct, the above is expressed with reference to the constitutional and legal powers incident to the office of commander-in-chief, and without regard to the supposed misconduct of either the officers or members of the companies referred to in the cases specified.

LEMUEL SHAW,<br>
SAMUEL PUTNAM,<br>
S. S. WILDE,<br>
MARCUS MORTON,<br>
CHARLES A. DEWEY."

" Worcester, 10th Oct. 1837."